United States District Court
Southern District of Texas
**ENTERED**
April 07, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CAREL DIRK BOSMAN, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. H-25-0649 |
| § | |
| HARRIS COUNTY DOMESTIC § | |
| RELATIONS OFFICE, *et al.*, § | |
| § | |
| *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a Harris County pretrial detainee at the time of filing, filed a complaint under 42 U.S.C. § 1983 against a Harris County agency, its employees, and the mother of the minor complainant in plaintiff's criminal prosecution. He proceeds *pro se* and seeks leave to proceed *in forma pauperis*.

Having screened the complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the Court **DISMISSES** this lawsuit for failure to state a viable claim for which relief can be granted under § 1983.

## I. BACKGROUND AND CLAIMS

At the time of filing, plaintiff was a Harris County pretrial detainee awaiting trial on felony charges for super aggravated sexual assault of a child under the age of six. On March 10, 2025, a jury found him guilty of the charges and he was sentenced to a 35-year term of incarceration in the Texas Department of Criminal Justice.

Plaintiff names as defendants in this lawsuit the Harris County Domestic Relations Office ("HCDRO"), HCDRO division director Yvette Edwards, family court employee Edith E. Forett, and Melissa Bosman, who is the mother of the minor complainant. Plaintiff claims that the HCDRO, Edwards, and Forett are liable to him for professional malpractice and negligence in their investigation of the complainant's assertions against him. Plaintiff further claims that Bosman is liable to him for malicious prosecution, witness tampering, and parental interference. Plaintiff claims that all of the defendants conspired against him.

Plaintiff seeks monetary damages, disciplinary actions, and sanctions against the defendants. Because the Court has no authority to initiate disciplinary actions against the defendants or impose sanctions against them under the allegations pleaded by plaintiff, the Court construes the lawsuit as seeking monetary compensation.

This lawsuit is one of at least eight civil lawsuits plaintiff filed in this Court against various individuals and entities for claims arising from his then-pending criminal detention and prosecution.

## II. ANALYSIS

A.  <u>Legal Standards</u>

When a prisoner seeks to proceed *in forma pauperis*, the Court must evaluate the complaint and dismiss it without service of process if the Court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks

monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915(A).

A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

When reviewing a *pro se* plaintiff's complaint, the courts must construe the factual allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, a plaintiff's *pro se* status does not afford him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Even under the liberal standards afforded by *Haines*, *pro se* litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). They must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief. *Id*.

When the allegations of a plaintiff, taken as true, do not show a violation of a constitutional or federal right, the complaint is properly dismissed for failure to state a viable

3

claim. *See, e.g., Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009); *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006).

B. Malpractice, Negligence, Official Misconduct

Plaintiff claims the defendants are liable to him under claims for professional malpractice, negligence, and official misconduct in their investigation of the criminal charges. He pleads no factual allegations supporting these conclusory claims, nor is an issue of a federal constitutional dimension raised for purposes of § 1983. Although the Court at the screening stage must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff, a complaint "that offers labels and conclusions" or "naked assertions devoid of further factual enhancement" does not state a viable claim for screening purposes. *See, e.g., Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017).

Plaintiff's claims against the defendants for professional malpractice, negligence, and official misconduct are **DISMISSED WITHOUT PREJUDICE** for failure to raise a viable claim for relief under § 1983.

C. Conspiracy

Plaintiff claims that the defendants conspired to have criminal charges brought against him. A conspiracy by itself is not actionable under § 1983. *See Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990). Instead, to state a conspiracy claim under § 1983, a plaintiff must allege specific facts showing: (1) an agreement between the defendants to commit an illegal act, and (2) an actual deprivation of the plaintiff's constitutional rights in

4

furtherance of that agreement. *See Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir. 1995); *see also Montgomery v. Walton*, 759 F. App'x 312, 314 (5th Cir. 2019). Conclusory assertions of conspiracy that do not reference specific facts are not sufficient to state a conspiracy claim under § 1983. *See Montgomery*, 759 F. App'x at 314; *Arsenaux v. Roberts*, 726 F.2d 1022, 1023-24 (5th Cir. 1982).

As stated above, the Court at the screening stage must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. However, as in this instance, a complaint "that offers labels and conclusions" or "naked assertions devoid of further factual enhancement" does not state a viable claim for screening purposes. *See Priester v. Lowndes County,* 354 F.3d 414, 420 (5th Cir. 2004) ("Allegations that are merely conclusory, without reference to specific facts, will not suffice" to establish a § 1983 conspiracy claim). Therefore, to establish his conspiracy claim in this instance, plaintiff was required to plead specific, non-conclusory facts establishing that the defendants entered into an agreement to violate his constitutional rights and then took actions that did so.

Plaintiff pleads no factual allegations sufficient to meet these pleading requirements. His bare assertion that the defendants conspired against him is wholly conclusory and fails to raise a viable claim for conspiracy under § 1983.

Plaintiff's conspiracy claims against the defendants are **DISMISSED WITHOUT PREJUDICE**.

D.  State Actor

Plaintiff's claims against defendant Melissa Bosman fail to raise viable claims under § 1983 for an additional reason. Defendant Bosman is the mother of the complainant child in plaintiff's super aggravated sexual assault prosecution. Plaintiff claims Bosman is liable to him for malicious prosecution, witness tampering, and parental interference.

"Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997). To state a valid claim under § 1983, a plaintiff must allege a violation of rights secured by the Constitution or laws of the United States, and demonstrate that the alleged deprivation was committed by a state actor – that is, by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021).

Plaintiff pleads no factual allegations establishing that Bosman was a state actor and not a private citizen for purposes of § 1983, and no viable § 1983 claim is raised against her. Although plaintiff stated Bosman conspired with the other defendants to have criminal charges brought against him, the Court dismissed plaintiff's conspiracy claims for his failure to plead factual allegations sufficient to raise such claims. Plaintiff's conspiracy claims provide no basis for allowing plaintiff to proceed against Bosman as a state actor.

Plaintiff's claims against Melissa Bosman are **DISMISSED WITHOUT PREJUDICE** for failure to state a viable claim for relief under § 1983.

E.   HCDRO

Plaintiff's claims against the HCDRO also fail to raise viable claims under § 1983 for an additional reason. The HCDRO is a municipal agency or division of Harris County and is a non-sui juris entity that cannot be sued in its own name. Plaintiff pleads no factual allegations showing that the HCDRO has been recognized as an independent municipal division for purposes of civil liability, and his claims against the HCDRO are **DISMISSED WITHOUT PREJUDICE**. *See, e.g., Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991); *Potts v. Crosby Ind. Sch. Dist.*, 210 F. App'x 342, 344–45 (5th Cir. 2006).

## III. CONCLUSION

For the reasons shown above, plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted under § 1983. 28 U.S.C. §§ 1915(e), 1915A. Any and all pending motions are **DISMISSED AS MOOT**.

This dismissal constitutes a **STRIKE** for purposes of 28 U.S.C. § 1915(g), and stands as plaintiff's second strike. *See Bosman v. Davis*, C.A. No. H-25-0604 (S.D. Tex. Feb. 18, 2025) (dismissed with imposition of a strike).

Signed at Houston, Texas, on this the 7 day of April, 2025.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE